UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**   **(In Chambers): PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** (filed 2/27/2012)

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** (filed 2/15/2012)

## I.   INTRODUCTION AND BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 2, 2012 is vacated, and the matter is hereby taken under submission.

On November 9, 2011, plaintiff Janeth Herrera filed the instant action in Los Angeles County Superior Court against her former employer Clougherty Packing L.L.C. ("Clougherty"), Oscar Perez, Britney Martinez, and Does 1–50. Plaintiff's complaint alleges eleven claims: (1) unpaid wages; (2) failure to provide meal and rest periods, Cal. Lab. Code §§ 226.7 and 512; (3) failure to furnish accurate wages and hour statements, Cal. Lab. Code §§ 226 et seq.; (4) late payment of wages, Cal. Lab. Code §§ 204, 210 and 226 et seq.; (5) waiting time penalties, Cal. Lab. Code §§ 201–203; (6) violation of Unfair Business Practices Act, Cal. Bus. and Prof. Code §§ 17200 et seq. ("UCL"); (7) wrongful termination based on breach of contract; (8) wrongful termination in violation of public policy; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) negligence.

Plaintiff's claims can be grouped into two categories. First, plaintiff alleges that she suffered harassment, discrimination, and a retaliatory termination while employed at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

Clougherty. Specifically, plaintiff, who became pregnant approximately four months into her employment, alleges that once her pregnancy became known defendants began harassing her based on race, sex, and pregnancy and would repeatedly refuse to give her pregnancy-related leave. Compl. ¶¶ 23, 26–28. According to plaintiff, defendants' harassment escalated after she complained to Clougherty's human resources and again after she suffered a miscarriage. Id. ¶¶ 35–42. Plaintiff avers that the harassment culminated in pretextual "write-ups," followed by a pretextual termination. Id. ¶¶ 43–44.

Second, plaintiff alleges that during the course of her employment, defendants violated several California labor laws. Specifically, plaintiff alleges that defendants (1) required her and other workers to arrive to work thirty minutes early and did not compensate them for it, (2) required her to work through her scheduled breaks, and (3) would penalize plaintiff by subtracting her hours worked whenever she clocked in a few minutes early or clocked out a few minutes late. Id. ¶¶ 14–20.

On February 8, 2012, defendants removed to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b). In the Notice of Removal, defendants argue that because plaintiff's employment with Clougherty was governed by a collective-bargaining agreement (the "CBA"), all of her claims related to wage and hour violations and wrongful termination necessarily require interpretation of the CBA. Notice of Removal ¶¶ 6–10. Defendants thus contend that removal is proper because § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, confers federal courts with jurisdiction over disputes involving collective-bargaining agreements. Id. ¶ 11.

On February 27, 2012, plaintiff filed the present motion to remand. On March 12, 2012, Clougherty filed an opposition. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.  Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

### III.  DISCUSSION

A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  For an action to "arise under" the Constitution, laws, or treaties of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).  A federal question "must be disclosed upon the face of the complaint, unaided by the answer."  Id. at 113; see also Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).

Federal defenses do not "appear on the face of a well-pleaded complaint," and "[f]ederal pre-emption is ordinarily a federal defense . . ."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  However, defendants may remove on federal preemption grounds if Congress so completely preempts a particular area "that any civil complaint raising this select group of claims is necessarily federal in character."  Id. at 63–64.  "To be completely preemptive, a statute must have 'extraordinary pre-emptive power,' a conclusion courts reach reluctantly."  Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co, 481 U.S. at 65).  "The complete preemption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims preempted by § 301 of the [Labor Management Relations Act ('LMRA'), 29 U.S.C. § 185]."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

In order for § 301 preemption to apply to an employee's state-law claim, that claim must be "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a collective-bargaining agreement."  Id. at 394.  Conversely, mere consultation of a collective-bargaining agreement during the course of litigation will not extinguish a state-law claim.  Lividas v. Bradshaw, 512 U.S. 107, 124 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

Because plaintiff alleges only state law claims, the Court will consider whether any of plaintiff's claims are preempted by § 301 of the LMRA in order to create federal question jurisdiction.

### 1. First through Sixth Claims for Wage and Hour and UCL Violations

Plaintiff's first five claims assert violations of California labor laws, and her sixth claim alleges a violation of California's UCL based on the alleged labor law wrongs. Plaintiff contends that remand is appropriate because these allegations involve violations of her nonnegotiable state-law rights and, regardless, do not require interpretation of the CBA. Mot. at 10 (citing Cal. Civ. Code § 3513).

In opposition, Clougherty contends that these claims will require interpretation of the CBA, which sets forth a detailed formula for compensating employees. Opp'n at 10.

The Court finds that none of plaintiff's first six claims is preempted by § 301. Each of these claims is premised on allegations that Clougherty either failed to provide plaintiff with break times or failed to pay plaintiff when she was forced to work through breaks in violation of California labor law, and that defendants' practices taken cumulatively violate the UCL. Because a CBA cannot supercede non-negotiable state-law rights, such as the right to meal breaks, the claims are not preempted by § 301. See Valles v. Ivy Hill Corp., 410 F.3d 1071, 1081 (9th Cir. 2005) ("[T]he right to meal periods is a generally applicable labor standard that is not subject to waiver by agreement."). Moreover, whether defendants violated California labor law can be resolved without referencing the CBA. Cf. Lividas, 512 U.S. at 124 (holding that mere reference to a CBA is not enough to invoke § 301 preemption). Finally, the CBA has no relevance as to whether Clougherty violated California's unfair competition law. Accordingly, § 301 preemption does not apply to plaintiff's first six claims.

### 2. Seventh Claim for Wrongful Termination Based on Breach of Contract

Plaintiff alleges that she and Clougherty entered into an "oral, written and implied-in-fact" employment contract separate and apart from the CBA which provided that plaintiff could be terminated only for "good cause." Compl. ¶¶ 101–102. According to plaintiff, this contract was breached when she was terminated for pretextual reasons. Id. ¶ 104. Plaintiff thus contends that whether her employment contract was breached can be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

resolved without reference to the CBA. Mot. at 14 (citing Smiley v. Daimler Chrysler, 589 F. Supp. 2d 471 (D. Del. 2008)).

In opposition, Clougherty argues that the alleged independent employment contract can exist only as part of the collective bargaining agreement for it to have any effect. Opp'n at 7 (citing Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987)).

The Court finds that plaintiff's seventh claim for wrongful termination based on breach of contract is not preempted by § 301. Because plaintiff and Clougherty allegedly entered into a contract separate and apart from the CBA, interpretation of the CBA is not required to determine if Clougherty breached plaintiff's employment contract. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 408–09 (1988) (a state law claim for retaliatory discharge is not preempted by a CBA's "just cause" provision so long as interpretation of the collective-bargaining agreement is not required); see also Caterpillar v. Williams, 482 U.S. 386, 394–95 (1987) ("Respondents allege that Caterpillar has entered into and breached *individual* employment contracts with them. Section 301 says nothing about the content or validity of individual employment contracts. It is true that respondents, bargaining unit members at the time of the plant closing, possessed substantial rights under the collective agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so.") (emphasis in original). Accordingly, because plaintiff alleges a breach of her independent employment contract, the claim is not preempted by § 301. Humble v. Boeing Co., 305 F.3d 1004, 1007 (9th Cir. 2002) ("[T]he Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship . . ."); Voilas v. Gen. Mot. Corp., 170 F.3d 367, 373–74 (3d Cir. 1999) ("[E]mployees have the option of vindicating their interests by means of either a section 301 action or an action brought under state law, as long as the state-law action as pleaded does not require interpretation of the collective bargaining agreement."); Gaus, 980 F.2d at 566 (no subject matter jurisdiction where there is "any doubt" as to the existence of a federal question).[1]

---

[1] Although Young, on which defendants rely, arguably stands for the proposition that a separate employment contract necessarily depends on interpreting a CBA, that case was decided prior to the Supreme Court's Lingle decision which held that interpretation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

### 3. Eighth Claim for Wrongful Termination in Violation of Public Policy

Plaintiff argues that her wrongful termination in violation of public policy claim is not preempted because it is premised on California's anti-discrimination laws, which embody the fundamental public policies of the state of California. Mot. at 16.

The Court finds that plaintiff's wrongful termination in violation of public policy claim is not preempted by § 301. Plaintiff alleges that Clougherty terminated her in retaliation for complaining about discrimination based on sex, race, pregnancy, and national origin. Compl. ¶ 107. Whether the alleged retaliatory termination violates California anti-discrimination laws is a question that can be resolved independently of the CBA. See Jackson v. Southern California Gas Co., 881 F.2d 638, 644 (9th Cir. 1989) (holding that § 301 does not preempt a California wrongful termination in violation of public policy claim).

### 4. Ninth, Tenth and Eleventh Claims for Intentional Infliction of Emotional Distress ("IIED"), Negligent Infliction of Emotional Distress and Negligence

Plaintiff contends that resolving her IIED and negligence-based claims would not require interpretation of the CBA because the claims arise out of defendants' conduct. Mot. at 13.

In opposition, Clougherty contends that plaintiff's IIED claim will require interpretation of the CBA to determine whether defendants' conduct was "outrageous." Opp'n at 12 (citing Perugini v. Safeway Stores, 935 F.2d 1083, 1088 (9th Cir. 1991)). Clougherty also argues that plaintiff's negligence claim is preempted because it is based on whether her termination violated the CBA. Opp'n at 13.

The Court finds that none of these claims is preempted by § 301. Although plaintiff is vague as to the alleged conduct that gives rise to her IIED claim, it appears to

---

of a CBA must be "required" to preempt a state law breach of contract claim. See also Walton v. UTV of San Francisco, Inc., 776 F. Supp. 1399, 1402 (N.D. Cal. 1991) (distinguishing Young on these grounds and granting a motion to remand).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-1101 CAS (AGRx) | Date | March 27, 2012 |
|---|---|---|---|
| Title | JANETH HERERRA v. OSCAR PEREZ, ET AL. | | |

be based on defendants' alleged discrimination, retaliation, and wage and hour violations. Thus, whether any of defendants' conduct warrants emotional distress damages will not depend on a particular reading of the CBA. Humble, 305 F.3d at 1013–14 ("[I]f the CBA does not 'cover' the allegedly extreme and outrageous conduct, the intentional infliction claim will not be preempted."). Additionally, plaintiff's negligence claim is based on defendants' actions that led to her termination. Whether defendants' actions give rise to a cognizable negligence claim can be resolved irrespective of the CBA. See Gaus, 980 F.2d at 566 (courts must remand if there is "any doubt" as to the existence subject matter jurisdiction).

### IV. CONCLUSION

Because none of plaintiff's claims are preempted by § 301 of the LMRA, the Court lacks subject matter jurisdiction and must remand. Int'l Primate Protection League v. Adm'rs of Tulane Ed. Fund, 500 U.S. 72, 79 (1991) (a district court must remand if it does not have subject matter jurisdiction). Accordingly, the Court GRANTS plaintiff's motion to remand to Los Angeles County Superior Court. In light of this ruling, defendants' motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |